IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

| | |
|---|---|
| JOHN CROMER JR., ) | |
| ) | |
| Plaintiff ) | 1:25-CV-00074-RAL |
| ) | |
| vs. ) | RICHARD A. LANZILLO |
| ) | Chief United States Magistrate Judge |
| JOHN DOE #1, CORRECTIONAL ) | |
| OFFICER; JOHN DOE #2, ) | REPORT AND RECOMMENDATION ON |
| CORRECTIONAL OFFICER; JOHN DOE ) | MOTION FOR TEMPORARY |
| #3, CORRECTIONAL OFFICER; AND ) | RESTRAINING ORDER |
| C.O. MOHNEY, CORRECTIONAL ) | |
| OFFICER; ) | RE: ECF NO. 9 |
| ) | |
| Defendants ) | |

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff's motion for a temporary restraining order (ECF No. 9) be DENIED.

### II. REPORT

A. Plaintiff's Allegations

Plaintiff John Cromer Jr., an at the State Correctional Institute in Forest County ("SCI-Forest"), commenced this action against Correctional Officer Mohney, and Correctional Officers John Doe #1-3. *See* ECF No. 1. His motion to proceed in forma pauperis remains pending and service has not been made on any Defendant. His Complaint alleges that on March 5, 2025, he was escorted from his cell in the RHU to the psychologist office after he was assaulted by his cellmate. *Id.* While waiting in the triage room outside of the psychologist office, four correctional officers assaulted him while his hands were handcuffed behind his back, resulting in a swollen black eye, possible broken nose, and bruised left arm. *Id.* Cromer received a misconduct charge

relating to incident involving the correctional officers and was ultimately found guilty at his disciplinary hearing. *Id.* Cromer's Complaint asserts a Fourteenth Amendment equal protection claim and an Eighth Amendment excessive force claim. *Id.*

His motion for temporary restraining order alleges that he is "being harassed physically and sexually also being discriminated by the John Doe Defendant…" ECF No. 9. Cromer vaguely requests the issuance of an "overnight temporary retraining order (TRO) for the safety of the Plaintiff upon this upcoming case." Additionally, Cromer has not submitted an affidavit in support of his motion or identified any efforts he made to notify the Defendants of his motion.

A. Legal Standard

A temporary restraining order is assessed under the same standards as a preliminary injunction. *See, e.g., Alves v. Main*, 747 Fed. Appx. 111, 112 n.3 (3d Cir. 2019) (citing *Holland v. Rosen*, 895 F.3d 272, 285 (3d Cir. 2018)). However, "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Where the foregoing procedural requirements are satisfied, a preliminary injunction is appropriate only where: (1) the movant demonstrates a reasonable probability of success on the merits; and (2) the movant demonstrates irreparable harm if the injunction is denied; (3) the issuance of an injunction will not result in greater harm to the non-moving party; and (4) the public interest would best be served by granting the injunction. *Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 879 (3d Cir. 1997); *Opticians Ass'n of America v. Independent Opticians*

*of America*, 920 F.2d 187, 191-92 (3d Cir. 1990). As the moving party, Cromer bears the burden of producing evidence to support the first two factors. *See Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994). Absent support for either of the first two factors, a court must deny the request for a preliminary injunction. *See Acierno*, 40 F.3d at 653; *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000). As a threshold matter, the movant must allege facts that support a finding that he will sustain immediate and irreparable if preliminary injunctive relief is denied. *See United States v. Stazola*, 893 F.2d 34, 37 n.3 (3d Cir. 1990); *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989); *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (holding that it is not enough merely to show irreparable harm; the plaintiff has the burden of showing immediate irreparable injury, which is more than serious or substantial harm and which cannot be redressed with money damages).

The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully litigated and determined by strict legal proofs and according to the principles of equity. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). Thus, injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." *American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421 (3d Cir. 1994) (quoting *Frank's GMC Truck Center, Inc. v. General Motor Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)).

Moreover, in the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). Preliminary injunctive relief is "not a tool for prisoners to use to regulate 'in every way, every day, the terms and conditions of

3

plaintiff's confinement simply because they are "in court" ...'". *Stiel v. Fed. Bureau of Prisons*, 2017 WL 2656646, at *4 (D.N.J. June 19, 2017) (quoting *Muhammad v. Director of Corrections*, 2009 WL 161075, at *1 (E.D. Ca. Jan. 22, 2009)). Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).

B. Discussion

Cromer's motion fails to comply with the procedural requirements of Rule 65 in that he has not identified any effort to give notice to the Defendants of his motion. His Complaint is presently unserved. His motion includes only vague and conclusory allegations, none of which support a finding of irreparable harm. The conclusory allegations of his motion are untethered to the allegations and claims of this Complaint and, thus, do not support a likelihood of success on the merits of his claims. Because Cromer has failed to allege facts to support that he is likely to succeed on the merits of his claims or that he faces immediate irreparable harm if injunctive relief is not granted, his motion for a TRO must be denied.

C. Conclusion

For the foregoing reasons, it is recommended that Cromer's motion for a temporary restraining order (ECF No. 9) be DENIED.

### III. NOTICE

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

DATED this 26th day of June 2025.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE