IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

| | | |
|---|---|---|
| JOHN CROMER JR., | ) | |
| | ) | |
| Plaintiff | ) | 1:25-CV-00074-RAL |
| | ) | |
| vs. | ) | RICHARD A. LANZILLO |
| | ) | Chief United States Magistrate Judge |
| MOHNEY, CORRECTIONAL | ) | |
| OFFICER; R. IRWIN, | ) | MEMORANDUM OPINION ON |
| SUPERINTENDANT/WARDEN/FACI | ) | DEFENDANTS' MOTION TO DISMISS |
| LITY MANAGER OF S.C.I. FOREST; | ) | |
| CO G. SHILLING, CO YOUNG, CO M. | ) | |
| S. PIUING, CO SGT LAMOREAUX, | ) | RE: ECF NO. 37 |
| | ) | |
| Defendants | ) | |
| | ) | |

Pending before the Court is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 37). The Court has notified the parties that it intends to retreat the motion as one for summary judgment under Fed. R. Civ. P. 56. *See* ECF No. 49. Because the record establishes that Plaintiff failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), Defendants' motion will be granted.

I.     Relevant Procedural History

Plaintiff John Cromer, Jr. ("Cromer") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"). He was previously housed at the DOC's State Correctional Institution in Forest ("SCI-Forest").[1] He brings this action under 42 U.S.C. § 1983 against six SCI-Forest employees: Defendants C.O. Mohney, Superintendent R. Irwin, C.O. G. Shilling, C.O. Young, C.O. M. S. Piuing,

---

[1] Cromer remains in the custody of the DOC but is currently housed at SCI-Dallas.

and C.O. Sgt. Lamoreaux.   Cromer's Complaint (ECF No. 15) is his operative pleading.

Defendants have moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) (ECF No. 37), asserting, among other arguments, that Cromer's claims are subject to dismissal because he failed to exhaust his administrative remedies as mandated by the PLRA.  In addition to a brief (ECF No. 38), Defendants also filed exhibits (ECF Nos. 37-1, 37-2, 37-3) in support of their motion.  The inclusion of material outside the Complaint prompted the Court to enter an Order notifying the parties that it may consider the pending motion, in whole or in part, as a motion for summary judgment under Fed. R. Civ. P. 56.  *See* ECF No. 49.  As required under LCvR 56(B), the Court also directed the parties to file concise statements of material facts.  *Id.*  Defendants complied and filed their concise statement of material facts (ECF No. 48).

A response order was issued directing Cromer to file his responsive concise statement of material facts by January 12, 2026.  ECF No. 49.  Cromer failed to comply and was subsequently issued a Show Cause Order directing his response by February 11, 2026, and warning that failure to comply would result in all properly supported statements of fact in Defendants' concise statement being deemed admitted.  ECF No. 58.  During a telephonic hearing on April 27, 2026, the Court raised Cromer's failure to comply with the Orders directing him to file a responsive concise statement.  Cromer responded that he had drafted his responsive concise statement but did not have access to an envelope to mail to the Court.  *See* ECF No.

2

62. The Court granted Cromer a final extension until May 8, 2026 to file his responsive concise statement and directed Defendants to ensure he had access to an envelope for such filing. *Id.* The Court's Order again advised Cromer that failure to file his response would result in the facts asserted in Defendants' concise statement being deemed admitted. *Id.* To date, Cromer has not filed his responsive concise statement, requested a further extension, or otherwise communicated with the Court. Accordingly, all properly supported statements of facts in Defendants' concise statement of material facts are deemed admitted for the purpose of the pending motion.

II.    Factual Allegations and Grievance Record

On March 5, 2025, between 7:15 p.m. and 7:20 p.m. Cromer was assaulted by his cellmate while housed in the Restrictive Housing Unit ("RHU") at SCI-Forest. ECF No. 15, ¶10.[2] Upon Cromer's request to be removed, five unknown corrections officers came to escort Cromer from the cell. *Id.*, ¶ 11. As Cromer was escorted to medical triage, four of the officers assaulted him. *Id.*, ¶¶ 12-13.

On March 11, 2025, Cromer filed Grievance No. 1136413 concerning the alleged attack by his cellmate and the alleged subsequent assault by the corrections officers. ECF No. 48, ¶ 9. According to his grievance, following his cellmate's attack, the corrections officers who were escorting Cromer to triage slammed his face into the wall, grabbed him by his arms and legs, and threw him to the ground. ECF No. 48-1, p. 42. To properly investigate the allegations of Grievance No.

---

[2] The relevant factual allegations are set out in paragraphs 10-18 of Cromer's Complaint (ECF No. 15). Citations to the pleading are omitted except for quoted allegations.

1136413, Facility Grievance Coordinator T. Biel filed initial level extensions to respond from March 25 through August 7, 2025. ECF No. 48, ¶ 10. On September 18, 2025, following an investigation conducted pursuant to DC-ADM 001, Cromer received an initial review response denying his grievance as unsubstantiated. *Id.*, ¶ 11. On October 6, 2025, Cromer filed an appeal from the denial of the grievance. *Id.*, ¶ 12. On October 10, 2025, the Facility Manager upheld the denial of Cromer's grievance. *Id.*, ¶ 13. Relying on grievance records and an affidavit from Michael Bell, a representative of the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"), Defendants assert that Cromer did not submit an appeal to SOIGA for final review of the denial of Grievance No. 1136412. ECF No. 48-1, pp. 2-4. This assertion of fact is deemed admitted due to Cromer's failure to respond to Defendants' concise statement of material facts.

III.    Standard of Review

Federal Rule of Civil Procedure 56(a) requires the court to enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Anderson*, 477 U.S. at 248; *Gray v. York*

4

*Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether a genuine issue of material fact remains for trial, the court must view the record and all reasonable inferences to be drawn therefrom in favor of the nonmoving party. *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993); *Clement v. Consol. Rail Corp.*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988). To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. Instead, once the movant satisfies its burden of identifying evidence that demonstrates the absence of a genuine issue of material fact, the nonmoving party must go beyond his pleadings with affidavits, depositions, answers to interrogatories or other record evidence to demonstrate specific material facts that give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Finally, because Cromer is proceeding pro se, the court must "apply the applicable law, irrespective of whether [the] pro se litigant has mentioned it by name." *Holley v. Dep't of Veteran's Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999). Nevertheless, "a pro se plaintiff is not relieved of his obligation under [Federal Rule of Civil Procedure] 56 to point to competent evidence in the record that is capable of refuting a defendant's motion for summary judgment." *Dawson v. Cook*, 238 F.

Supp. 3d 712,717 (E.D. Pa. 2017) (citation omitted). In other words, a plaintiff's pro se status does not relieve him of his "obligation under Rule 56(c) to produce evidence that raises a genuine issue of material fact." *Id.* (quoting *Boykins v. Lucent Techs., Inc.,* 78 F. Supp. 2d 402, 408 (E.D. Pa. 2000)); *see also Winfield v. Mazurkiewicz,* 2012 WL 4343176, *1 (W.D. Pa. Sept. 21, 2012).

IV.    Analysis

The Complaint alleges that the Defendants failed to protect Cromer from physical abuse by his cellmate and then subjected him to excessive force in violation of his Eighth Amendment right against cruel and unusual punishment and his Fourteenth Amendment right to equal protection. Defendants seek dismissal based, among other things, on the affirmative defense that Cromer failed to exhaust his administrative remedies before initiating this lawsuit. Because exhaustion is a "prerequisite to an inmate bringing suit," it is a "threshold issue" that the court must address before reaching the merits of the action. *Rinaldi v. United States*, 904 F.3d 257, 265 (3d Cir. 2018) (quoting source omitted).

The PLRA generally requires a prisoner to exhaust available administrative remedies before commencing an action challenging the conditions of his confinement under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). This requirement applies to all claims relating to prison life that do not implicate the duration of the prisoner's sentence. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Failure to exhaust administrative remedies under the PLRA is an affirmative defense that defendants must plead and prove. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

The Pennsylvania DOC's general grievance policy, DC-ADM 804, requires inmates to satisfy a three-step grievance and appeal process. First, "within 15 working days after the event upon which the claim is based," the prisoner must submit a written grievance for review by the Facility Grievance Coordinator ("FGC") using the appropriate form. DC-ADM 804, § 1.A.8. *See also Lewis v. Sutherland*, 2024 WL 6957719, at *5 (W.D. Pa. Oct. 18, 2024). The FGC must provide an initial review response to the grievance to the inmate "within 15 working days from the date the grievance was entered into the Automated Inmate Grievance Tracking System." DC-ADM 804 at § 1.C.5.g. Second, "if the FGC has rejected the grievance or the inmate is otherwise dissatisfied with the initial review response," the inmate may appeal to the prison's Facility Manager "within 15 working days from the date" the inmate receives "the initial review response/rejection." *Lewis*, 2024 WL 6957719, at *5; DC-ADM 804 at § 2.A.1.a, b. The Facility Manager must then notify the inmate in writing "of his/her decision within 15 working days of receiving the appeal." *Id.* at § 2.A.2.d. Finally, "[a]ny inmate who is dissatisfied with the disposition of an appeal from the [Facility Manager]" may appeal to the SOIGA "within 15 working days from the date of the [Facility Manager's] decision." *Id.* at § 2.B.1.b. Once these three steps have been satisfied, a grievance has ordinarily been administratively exhausted for purposes of the PLRA.

Defendants have satisfied their initial burden of production regarding their exhaustion defense. They have produced records relating to Cromer's Grievance No. 1136412 and the declaration of SOIGA records custodian Michael Bell, who

attested to the absence of any record of Cromer having submitted an appeal of the Facility Manager's affirmance of the denial of Grievance No. 1136412. *See* ECF No. 48-1, ¶¶ 2, 10-18. Cromer has failed to counter this prima facie showing despite being granted several opportunities to do so.

The PLRA mandates not only technical exhaustion of the administrative remedies, but also substantial compliance with the prison's procedural requirements and deadlines. *See Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004); *Nyhuis v. Reno*, 204 F.3d 65, 77-78 (3d Cir. 2000). A procedural default by the inmate—through either late or improper filings—bars the inmate from bringing the claim in federal court unless equitable considerations excuse the default. *Spruill*, 372 F.3d at 227-32; *see also Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000). Cromer does not allege, nor does the record reflect, any exhaustion of administrative remedies based upon the prison's lack of compliance with the procedural requirements and deadlines set forth in DC-ADM 804. Indeed, Facility Grievance Coordinator Biel filed time extensions to respond to Grievance No. 1136412 as required. ECF No. 48-1 ¶ 4; 48-1, pp. 43-46. Further, the Facility Manager's response upholding the denial was received by Cromer four days after the appeal was received. ECF No. 48, ¶¶ 12-13. "Once the defendant has established that the inmate failed to resort to administrative remedies, the onus falls on the inmate to show that such remedies were unavailable to him." *Kendrick v. CO Hann*, 2021 WL 2914986, at *5 (M.D. Pa. July 12, 2021) (citing *Rinaldi v. United States*, 904 F.3d 257, 268 (3d Cir. 2018)). Because Defendants have met

their burden of demonstrating that no genuine issue of material fact exists concerning Cromer's procedural default, and Cromer has failed to demonstrate a genuine issue concerning the availability of his administrative remedies, Defendants are entitled to summary judgment in their favor.

V.    Conclusion

For the reasons stated, Defendants' motion to dismiss, the Court has converted to a motion for summary judgment, will be granted and an Order of Judgment pursuant to Fed. R. Civ. P. 58 will be entered in favor of Defendants.

DATED this 20th day of May 2026.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE